■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VENTURA, Appellant. [816 NYS2d 681]—Judgment, Supreme Court, Bronx County (Efrain Alvarado, J., at original plea; Seth L. Marvin, J., at subsequent plea and sentence), rendered February 4, 2005, convicting defendant of criminal sale of a controlled substance in the fourth degree, and sentencing him to a term of 3½ to 7 years, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

We perceive no basis for reducing the sentence. As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]), providing for the imposition of a DNA databank fee, that fee should not have been imposed. Concur—Tom, J.P., Friedman, Sullivan, Catterson and Malone, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BLADIMIR HENRIQUEZ, Appellant. [816 NYS2d 682]—Judgment, Supreme Court, Bronx County (William I. Mogulescu, J.), rendered November 7, 2003, convicting defendant, upon his plea of guilty, of robbery in the first degree and burglary in the first degree, and sentencing him to concurrent terms of six years, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

We perceive no basis for a reduction of sentence. However, as the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]), providing for the imposition of a DNA databank fee, that fee should not have been imposed. Concur—Tom, J.P., Friedman, Sullivan, Catterson and Malone, JJ.